IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                                                          **Case No. 1:24-cr-108-HSO-BWR-1**

**JOEL DAVIS STAEGER**

## ORDER DENYING DEFENDANT JOEL DAVIS STAEGER'S MOTION [29] TO DISMISS INDICTMENT [3]

BEFORE THE COURT is Defendant Joel Davis Staeger's Motion [29] to Dismiss Indictment [3], which charges him with possessing a firearm after he had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).  Defendant argues that, facially and as applied to him, § 922(g)(1) violates the Second Amendment to the United States Constitution under the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), as clarified by *United States v. Rahimi*, 144 S. Ct. 1889 (2024), and *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024).  Defendant further contends that § 922(g)(1) is unconstitutional because it violates the Equal Protection guarantee of the Fifth Amendment to the United States Constitution and because "§ 922(g)(1) constitutes an unconstitutional extension of Congress's authority under the Commerce Clause."  Mem. [30] at 1.  Defendant also raises a vagueness challenge.

Because the Government has met its burden of showing that regulating the possession of firearms by felons whose predicate felony convictions include possession of a controlled substance and forgery "is consistent with the Nation's

historical tradition of firearm regulation[,]" *Bruen*, 597 U.S. at 24, the Court will reject Defendant's Second Amendment argument, *see Diaz*, 116 F.4th at 467-70. The Court will also reject Defendant's claims under the Fifth Amendment and the Commerce Clause because Fifth Circuit precedent squarely forecloses them, and it will reject Defendant's vagueness challenge because he has not supported it with any relevant authority. Defendant's Motion [29] to Dismiss should be denied.

## I. BACKGROUND

On August 28, 2024, a grand jury sitting in this District returned a single-count Indictment [3] against Defendant Joel Davis Staeger ("Staeger" or "Defendant"), charging him with violating 18 U.S.C. §§ 922(g)(1) and 924(a)(8). *See* Doc. [3] at 1 (Indictment). Defendant does not dispute that he had previously been convicted of a crime punishable by more than one year in prison prior to possessing the firearm in question. *See* Mem. [30]; Reply [34]. Specifically, Defendant's prior felony convictions include possession of a controlled substance and forgery, for which he was sentenced to serve five years of probation. Pretrial Services Report [35] at 4 (under seal).

Defendant argues that "§ 922(g)(1) violates the Second Amendment to the United States Constitution and is unconstitutional as applied to him." Mem. [30] at 1, 5-6. He further contends that § 922(g)(1) is facially unconstitutional, violates the Commerce Clause, violates the Fifth Amendment's Equal Protection guarantee, and is void for vagueness. *Id.* at 1, 6-17.

2

## II. DISCUSSION

In *Diaz*, the Fifth Circuit addressed as applied and facial challenges to § 922(g)(1) under the Second Amendment, *see Diaz*, 116 F.4th at 465, and rejected both challenges, holding that § 922(g)(1) is constitutional facially and as applied to a defendant whose predicate crime was a felony conviction for theft, *see id.* at 467-70. Specifically, the Fifth Circuit found § 922(g)(1) constitutional as applied because the punishments for a felony conviction for theft at the time of the Founding–estate forfeiture or death–were so severe that they included the lesser punishment of permanent disarmament. *Id.* at 468-69 ("[I]f capital punishment was permissible to respond to theft, then the lesser restriction of permanent disarmament that § 922(g)(1) imposes is also permissible."). Thus, when § 922(g)(1)'s predicate offense is a felony which historically could be punishable by death or estate forfeiture, disarmament of those convicted of that offense fits within the "a historical tradition of permanently punishing certain offenders who the evidence shows would have been considered felons and exposed to these types of penalties at the time of the Founding." *Id.* at 469. *Diaz* further held that the defendant's facial challenge also failed because there exists a set of circumstances where § 922(g)(1) is constitutional, such as where the underlying felony conviction is for theft. *Id.* at 471-72.

In addition, the Government argues here that a felony conviction for drug possession is a historical analog to possession of contraband at the time of the Founding, citing multiple Founding era statutes which punished such a crime with estate forfeiture or death. *See* Resp. [30] at 4-5. For example, Virginia punished

3

the knowing receipt of a stolen horse with death.  6 William Waller Hening, *The Statutes at Large; Being a Collection of All the Laws of Virginia from the First Session of the Legislature, in the Year 1619*, at 130 (1819).[1]  Other courts, including some within this Circuit, have adopted this analogy and upheld § 922(g)(1) as applied to felons convicted of drug possession.  *See United States v. Mack*, No. 3:24-CR-00244, 2025 WL 221808, at *3 (W.D. La. Jan. 16, 2025); *United States v. Patino*, No. 24-CR-60-DC, 2024 WL 5010146, at *5-7 (W.D. Tex. Nov. 26, 2024); *United States v. Landrum*, No. 3:24-CR-63-DPJ-LGI, 2024 WL 4806486, at *1 (S.D. Miss. Nov. 15, 2024); *United States v. Wilson*, No. CR 22-238, 2024 WL 4436637, at *4-5 (E.D. La. Oct. 6, 2024); *United States v. Sampson*, No. CR-24-00266-001-PHX-SMB, 2024 WL 4418299, at *4 (D. Ariz. Oct. 4, 2024).  The Court sees no meaningful distinction between those cases and this one, but even if it did, Defendant was also convicted of forgery, which was punishable by estate forfeiture or death at the time of the Founding.  *See, e.g.*, *An Act for the Punishment of certain Crimes against the United States,* 1 Cong. Ch. 9, 1 Stat. 112, 115 (1790).[2]  For these reasons, the Court

---

[1] "*Be it therefore enacted by the authority aforesaid*, That if any person or persons shall receive, or buy, any horse that shall be feloniously taken, or stolen, from any other person, knowing the same to be stolen; or shall harbour or conceal any horse-stealer, knowing him, her, or them to be so, such person or persons shall be taken and received as accessary or accessories to said felony, and being of either of the said offences legally convicted, by the testimony of one or more credible witnesses, shall incur and suffer the pain of death, as a felon convict." 6 William Waller Hening, *The Statutes at Large; Being a Collection of All the Laws of Virginia from the First Session of the Legislature, in the Year 1619*, at 130 (1819) (emphasis in original) (1748 law).

[2] "Sec. 14.  *And be it* [*further*] *enacted*, That if any person or persons shall falsely make, alter, forge or counterfeit, or cause or procure to be falsely made, altered, forged, or counterfeited, or willingly act or assist in the false making, altering, forging or counterfeiting any certificate, indent, or other public security of the United States, or shall utter, put off, or offer, or cause to be uttered, put off, or offered in payment or for sale any such false, forged, altered or counterfeited certificate, indent or other public security, with intention to defraud any person, knowing the same to be false, altered, forged or counterfeited, and shall be thereof convicted, every such person shall suffer death." *An Act*

concludes that disarming Defendant fits within the national tradition of regulating firearms, and his as-applied challenge cannot carry the day.  *See Diaz*, 116 F.4th at 469-70 ("At [the Founding], at least one of the predicate crimes that [the defendant's] § 922(g)(1) conviction relies on–theft–was a felony and thus would have led to capital punishment or estate forfeiture.  Disarming [the defendant] fits within this tradition of serious and permanent punishment.").

Defendant argues for the first time in his Reply [34] that § 922(g)(1) is unconstitutional as applied to someone who is sentenced to probation instead of incarceration.  Reply [34] at 1-4.  Defendant takes issue with *United States v. Giglio*, 126 F.4th 1039 (5th Cir. 2025), which held that § 922(g)(1) is constitutional as applied to a defendant serving a term of supervised release, arguing that its holding does not apply to a defendant sentenced to probation and that it conflicts with *Diaz*.  *Id*.  "Arguments raised for the first time in a reply brief are generally waived[,]" *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010), but out of an abundance of caution, the Court will address the merits of Defendant's argument.

While *Giglio* spoke directly to the issue of a defendant serving a term of supervised release, the Fifth Circuit repeatedly cited and discussed *United States v. Goins*, 118 F.4th 794 (6th Cir. 2024), which held that § 922(g) is constitutional as applied to a defendant sentenced to probation.  *See Giglio*, 126 F.4th at 1044-45 (also discussing *United States v. Moore*, 111 F.4th 266 (3d Cir. 2024), a case that found § 922(g)(1) constitutional as applied to a defendant on supervised release).

---

*for the Punishment of certain Crimes against the United States,* 1 Cong. Ch. 9, 1 Stat. 112, 115 (1790) (alteration and emphasis in original).

5

The Fifth Circuit highlighted that "[l]ike *Moore* and *Giglio*, Goins brought an as-applied challenge to § 922(g)(1), he was on probation at the time of his arrest, and his underlying felonies involved the unlawful use of drugs."[3]  *Id.* at 1044.  In *Goins*, the Sixth Circuit examined historical laws and found "that 'our nation's historical tradition of forfeiture laws . . . supports disarming those on parole, probation, or supervised release[,]'" such that "the government today could justifiably 'disarm[] those on parole, probation, or supervised release.'" *Id.* (alterations and omissions in original) (quoting *Goins*, 118 F.4th at 798, 801-02).  After discussing *Goins*, the Fifth Circuit found that it "agree[d] with [its] learned brethren and sistren: the government may disarm those who continue to serve sentences for felony convictions" and that "[t]he laws cited in *Moore* and *Goins* make clear that disarmament was a typical condition of all manner of sentences." *Id.*  Thus, *Giglio* covers Defendant's situation here as there exists "a historical tradition wherein '[c]onvicts could be required to forfeit their weapons and were prevented from reacquiring arms until they had finished serving their sentences.'" *Id.* (quoting *Moore*, 111 F.4th at 271).

Defendant also maintains that *Giglio* conflicts with *Diaz*, as a court may only consider the predicate felony conviction, and not whether a defendant was on probation or supervised release.  Reply [34] at 3-4.  *Giglio* directly addressed this question, stating that "[e]ven assuming *arguendo* that this is a correct reading of

---

[3] To support the comparison between the defendants in *Giglio* and *Goins*, the Fifth Circuit cited *Johnson v. Owens*, 612 F. App'x 707, 711 (5th Cir. 2015), which "recogniz[ed] that probation 'is comparable to supervised release in the federal system[.]'" *Giglio*, 126 F.4th at 1044 n.5.

6

*Diaz*, our decision today does not contravene it." *Giglio*, 126 F.4th at 1046

(emphasis in original). Specifically, the Fifth Circuit "stressed" that its

> holding turns on the fact that Giglio was still on supervised release at the time of his arrest. To know that, we need not look to any dismissed charges, convictions for crimes not punishable for more than a year, or convictions stemming from the same indictment, which are the pieces of information proscribed by *Diaz*. 116 F.4th at 467. Instead, we learn all we need from precisely the same evidence: the individual's prior felony conviction. Giglio's § 922(g)(3) conviction included a punishment for (what ended up being) seventeen months of imprisonment and just over two years of supervised release. We need not look beyond that conviction to understand that it was constitutional for the government to regulate his possession of firearms for that period of time.

*Id.* Just as in *Giglio*, this Court need only look to Defendant's prior felony convictions for forgery and possession of a controlled substance. *See* Pretrial Services Report [4] at 4 (under seal). *Giglio* does not conflict with *Diaz* here. *See Giglio*, 126 F.4th at 1046.

As for Defendant's facial challenge to § 922(g)(1), he "recognizes that the Fifth Circuit denied a facial challenge to § 922(g)(1) under the Second Amendment in *United States v. Diaz*, 116 F.4th 458, 472 (5th Cir. 2024)," but "he raises the issue here to preserve it for further review." Mem. [30] at 1. "To sustain a facial challenge, 'the challenger must establish that no set of circumstances exists under which the statute would be valid.'" *Diaz*, 116 F.4th at 471 (quoting *Untied States v. Salerno*, 481 U.S. 739, 745 (1987)). *Diaz* found § 922(g)(1) valid where the predicate offense was a felony conviction for theft. *See id.* at 467-70. Thus, Defendant cannot show § 922(g)(1) is facially unconstitutional because a set of circumstances exists where the statute would be valid. *Id.* at 471-72; *see also United States v. Thompson*,

7

No. 24-50045, 2024 WL 4904669, at *3 (5th Cir. Nov. 27, 2024) ("Turning to [defendant's] claim here that § 922(g)(1) is facially unconstitutional, it is clear that his challenge is now squarely foreclosed by our decision in *Diaz*.").

Defendant also argues that § 922(g)(1) is void for vagueness "because it fails to provide a person of ordinary intelligence fair notice of what predicate felony justifies disarmament." Mem. [30] at 8. The Supreme Court has stressed that when addressing a vagueness challenge a "strong presumptive validity . . . attaches to an Act of Congress[.]" *United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 32 (1963); *see also Skilling v. United States*, 561 U.S. 358, 403 (2010) (quoting *Nat'l Dairy Prods. Corp.* in response to a vagueness challenge and stating that Supreme Court caselaw "requires [courts], if we can, to construe, not condemn, Congress' enactments."). Defendant has not pointed to any caselaw supporting his proposition that "a statute is void for vagueness because the Supreme Court may one day change the law, especially when § 922(g)'s prohibitions have been well known and upheld for more than 20 years" and the text of that statute is clear. *Landrum*, 2024 WL 4806486, at *2 (rejecting Defendant's vagueness challenge of § 922(g)(1)). Considering the strong presumption favoring validity, Defendant has not shown that the statute is unconstitutionally vague.

Turning to Defendant's remaining challenges, Fifth Circuit precedent forecloses Defendant's Commerce Clause argument, *see Diaz*, 116 F.4th at 462 (reaffirming that a Commerce Clause challenge to § 922(g)(1) is "foreclosed under [Fifth Circuit] precedent"), and his Equal Protection claim, *see United States v.*

*Darrington*, 351 F.3d 632, 634-35 (5th Cir. 2003) (rejecting an Equal Protection challenge to § 922(g)(1)), *abrogated on other grounds by Diaz*, 116 F.4th at 458; *see also United States v. Howard*, No. 24-40033, 2024 WL 4449866, at *2 (5th Cir. Oct. 9, 2024) (per curiam) (relying on *Darrington*, post-*Diaz*, to reject an Equal Protection challenge to § 922(g)(1)).

## III. CONCLUSION

The Fifth Circuit has rejected Defendant's arguments challenging § 922(g)(1)'s constitutionality. The Court must therefore hold in this case that § 922(g)(1) is constitutional, both facially and as applied to Defendant. The Motion [29] to Dismiss Indictment [3] will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Joel Davis Staeger Motion [29] to Dismiss Indictment [3] is **DENIED**.

**SO ORDERED** this the 25th day of February, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE